## TRACY VS. THE TITUSVILLE SCHOOL DISTRICT.

The City Auditor has power, under the Act of May 13, 1871, to audit the accounts of the Treasurer of the School District.

When the Treasurer's accounts have been so audited and unappealed from they are conclusive upon the Treasurer's sureties.

A collector who collects taxes without receiving a warrant, is not liable for taxes in the duplicate which he fails to collect.

Error to the Common Pleas of Crawford County. No. 105 Jan. Term 1884.

This was an action in debt, brought by the Titusville School District, against John S. Tracy, Joseph A. Neill, Simon E Tifft, and Silas Kerr. The case was referred to D. C. McCoy as referee. Under the Act of May 14, 1874, the referee decided in favor of the plaintiff and against defendant, and judgment was entered upon his decision against defendants for $4,941.38. The finding of facts and the opinion of the referee is as follows:

The defendant, John S. Tracy was duly appointed Treasurer of the Titusville School District for the school year from June, 1876, to June, 1877. He also held the same office for and during the preceding school year.

On the 28th day of June, 1876, the defendant, John S. Tracy executed a bond in the penal sum of twenty-five thousand dollars, payable to Frederick Bates, President of the Board of School Directors of Titusville School District. The bond is in the usual form signed by said Tracy and by Joseph A. Neill, Simon E. Tifft and Silas Kerr, and contains the following recital and conditions: "Whereas, the said John S. Tracy has been duly chosen Treasurer of the said Titusville School District, for and during the term of one year, from the first Monday of June, 1876." The condition of the above obligation is such that "if the said John S. Tracy shall, and do well and faithfully perform all the acts and duties lawfully pertaining to his office, as district treasurer aforesaid, according to the terms of the school law approved the 8th day of May, A. D. 1854, P. Laws, 617, and the supplements thereto, then this obligation to be void, else to be and remain in full force and virtue." This bond was approved by the Board of Directors of the Titusville School District July 1st, 1876.

On the 26h day of June, 1876, the defendant, Tracy, made a report to the School Board of his receipts and disbursements as treasurer of said school district for the school year ending June, 1876. In this report he charges himself with a balance remaining in the treasury of three thousand, three hundred and eighty-eight dollars and sixty-six cents ($3,388.66.)

On the 4th day of June, 1877, Tracy made his report to the School Board of receipts and disbursements as treasurer of said School District for school year ending at that time. In this report he charges himself with the balance shown in his hands by the former report, viz., three thousand, three hundred and eighty-eight dollars and sixty-six cents, ($3,388.66) as the first item. Then follow the other items of receipts and disbursements, and balance struck, showing remaining in his hands as Treasurer, the sum of four thousand, eight hundred and fifteen dollars and ninety-five cents ($4,815.95.)

The two reports above named were passed upon by the auditor of the City of Titusville, as shown by his report of June 20, 1877, wherein the auditor charges Tracy with the balance shown in his hands by his reports. No appeal was taken from the report of the City Auditor by any one.

Tracy was also charged as Treasurer of said School District by the Board of Directors thereof with the collections of the school taxes for the year commencing June, 1876, according to the provisions of the second section of the Act of Assembly of April 21st, 1869, P. Laws 87.

About the 16th of June, 1877, Tracy left the City of Titusville and was absent until the latter part of November of the same year, when he returned. His whereabouts during that time, and the reason for his absence have not been shown.

Tracy kept no books in the usual mode showing his transactions as Treasurer of the Titusville School District, and the only means of ascertaining what he did, and what he omitted to do, are the stubs of receipts given by him to taxpayers, the duplicates of taxes furnished him, and the reports made by him to the School Board.

I find as a fact that a warrant for the collection of the school taxes for the year 1876-77 was delivered to John S. Tracy, by

the secretary of the School Board, about the latter part of March, 1877.

Tracy collected of the taxes of 1874, after June 4th, 1877, up to the time he left Titusville the sum of one hundred and forty-two dollars and forty cents, ($142.40) and during the same time two hundred and forty-nine dollars and fifty-one cents ($249.51) of the taxes of 1875, and during the same time two hundred and seventy-two dollars and seventy-nine cents ($272.79) of the taxes of 1876.

---

The plaintiff's fourth point is affirmed on the authority of Blackmore vs. Allegheny County, 1 P. F. Smith, 160, and cases there cited.

The plaintiff's fifth point is refused—as to the first point, part of it, on the same authority that the fourth was affirmed. I take the report of the auditor, unappealed from, to be alike conclusive on all parties—the second part of the reason that I regard neither Tracy nor his sureties liable on the bond in suit, for money received by him after the expiration of the year for which he was appointed, and mentioned in the recital of the bond.

The plaintiff's sixth point is refused, but with the qualification: Tracy was not after the expiration of ninety days from the time the tax duplicate was delivered to him as, treasurer, duly qualified as collector—at least until the latter part of the following March, when I find that he received a warrant. He would therefore not be liable for taxes which he neglected to collect, although he was in fact acting as collector. He would be liable and so would his sureties for the taxes in fact collected and received by him whether he had a lawful authority to collect or not.

The defendant's third point as an abstract proposition is affirmed. I only find against the defendants for the amount which I find from the evidence was in Tracy's hands when the bond was given and received by him during the year it covered—in other words the amount found to be in his hands at the end of the term for which the other defendants were his sureties and which he failed to pay to his successors.

The defendant's fifth point is affirmed with the qualification that Tracy and his sureties are liable not for any default as Collector of Taxes, but for taxes actually received by him as Treasurer, no matter how or by whom collected.

The defendant's sixth point is affirmed, as I understand it, which is that they are only responsible for money in Tracy's hands for the year covered by the bond in suit, and for which he failed to account *and pay to his successor.* If he had paid what he accounted for, this point would require a positive affirmation.

The remarkable fact appears in the investigation of this case that Tracy acted as Treasurer of the Titusville School District for two years and kept no books whatever showing what he did in his capacity of Treasurer. The stubs of the receipts given by him to tax payers are the only evidence of what he did and what he omitted to do, and this uncertain kind of evidence, with all its liabilities to errors and mistakes, with what he can now recollect about it, is expected to overturn his own official reports to the Board from which he received his appointment. It was one of his plainest and most essential duties as Treasurer to keep such fair and accurate accounts of his transactions as would render certain to a cent how much money he received, when and on what accounts he received it, and how, when and to what purposes he applied it. For this neglect he and his sureties are liable. They cannot claim and be allowed the benefit of doubts and uncertainties with regard to matters that his plainest duty required him to make certain and beyond doubt.

I have endeavored in this case to not err at all, but if at all I prefer to err in favor of these sureties; and therefore with some doubts as to some parts of the plaintiff's claim which I have thrown out, have confined myself in finding for the plaintiff to the amount shown in the hands of Tracy by his official report at the end of his term. I could do no less than this for the reason, first: that I regard this report in the manner made to and approved by the Board, passed upon and reported by the City Auditor according to law, and unappealed from as conclusive on all parties, and second: even if this were not so

and the defendants, or those of them that are sureties, were allowed to go back of the report and make a defense they must show by clear and incontrovertible evidence that the report is erroneous. This they have not done in anything like a satisfactory manner.

I find that the other defendants, John S. Tracy, Joseph A. Neill and Silas Kerr, are liable on the bond in suit as follows: Amount in treasury as per report of June 4, 1877, $4,815.95; deduct sundry credits, $493.68; salary as Treasurer $500; salary as Collector, $200; in the aggregate, $1,193.68, leaving due June 4, 1877, $3,622.27; interest thereon to October 29, 1883, from June 4, 1877, $1,319.11; total, $4,941.38.

And now, October 29, 1883, after having heard the parties, their proofs and allegations, and after due consideration thereof, judgment in favor of the plaintiff, the Titusville School District against the defendants, John S. Tracy, Joseph A. Neill and Silas Kerr, for four thousand, nine hundred and forty-one dollars and thirty-eight cents with costs, and the Prothonotary is hereby directed to enter the same according to the Act of Assembly in such case made and provided.

---

The defendants then took a writ of error complaining of the findings of the referee, and also to the admission of certain evidence, as follows: plaintiff offers in evidence the auditor's report referred to, for the purpose of showing the balance in the school treasury for the year ending June, 1877, namely, $4,815.95. The referee also rejected testimony which was offered, to prove that there was a large amount of exonerations of poor and indigent persons during the years 1874, 1875 and 1876 in the City of Titusville, and that Tracy was unable to collect a large amount of the taxes on that account, and also in rejecting evidence offered to prove that the collector prior to Tracy had been exonerated to the amount of about $4,000, for the reason that he was unable to collect that amount from the poor taxpayers, to be followed by evidence that there was upon Tracy's duplicate for 1874, more than that amount of indigent tax payers from whom he was unable to collect taxes He also complained of the answers to different points and the findings.

*Messrs. J. B. Brawley and S. T. Neill, Esqs.*, for plaintiff in error, argued that the act contemplates that there shall be in each case what is equivalent to a special verdict; Butterfield vs. Lathrop, 71 Penna., 229; Marr vs. Marr, 13 W. N. C., 544; Van Syckel vs. Stewart, 77 Penna., 126; Wallingford vs. Dunlap, 14 Penna., 31; Loew vs. Stocker, 61 Penna., 347. The admissions and reports made by Tracy to the School Board were not conclusive upon his sureties in this suit; Bissel vs. Raymond, 66 N. Y., 55; United States vs. Boyd, 5 Howard, 29; Nolly vs. Calloway County, 11 Mo., 447; State vs. Rhodes, 6 Nevada, 352; Mann vs. Yazoo City, 31 Miss., 574. The 13th section of the Act of May 13, 1871, P. L. 829, does not authorize the auditor of the City of Titusville to audit, settle and adjust the accounts of the City School Board, and hence his report is not conclusive. This report is not like the report of County Auditors: Blackmore vs. Alleghany County, 51 Penna., 163; Wilson vs. Clarion County, 2 Penna., 17; Brown vs. Commonwealth, 2 R., 45. The judgment against a principal for a default is not conclusive against his sureties in a subsequent suit brought to charge them with the consequences of his default; Carmack vs. Commonwealth, 5 Bin., 194; McKeller vs. Bowell, 4 Hawks, 34; Beal vs. Beck, 3 H. & McH., 242; Douglas vs. Howland, 24 Wendell, 53; Thomas vs. Hubbell, 15 N. Y., 405. The sureties in this case had no notice of the audit and report, and if it is conclusive upon them their property could be taken away by a judgment on which they had no chance to make a defence; Brown vs. Commonwealth, 2 R., 45. The sureties are only liable for misapplication of the funds received by the officers during the term for which they are sureties, and are not liable for any previous default of his; Commonwealth vs. West, 1 R., 31; Miller vs. Commonwealth, 8 Penna., 444. Referee did not state separately and distinctly the facts found and conclusions of law resulting from the facts; Marr vs. Marr, 13 W. N. C., 544.

*Samuel Grumbine, Esq., contra*, argued that the report of the referee sets forth fully and with certainty all the material facts in the case. The referee would not have been justified in finding what the plaintiffs in error requested him to do.

The law permits inferences from other facts, but does not allow presumptions of fact from presumptions. No presumption can with safety be drawn from a presumption, there being no fixed or ascertained fact from which an inference may be drawn, none is drawn; Douglass vs. Mitchell, 35 Penna., 443; Phila. City Passenger Railway Co. vs. Henrice, 92 Penna., 431. The annual reports of John S. Tracy, as Treasurer, are conclusive upon the parties, and the sureties are responsible for any balance in his hands left over from a previous term; B. u e vs. United States, 17 Howard, 437; Morley vs. Town of Matamora, 38 Ill., 398; Wilson vs. School Directors, 2 Am. Law. Reg., 123; Beyerle vs. Hain, 61 Penna., 226. The report of the Auditor of the City of Titusville is conclusive and binding upon the parties. It the auditor has not power to audit the accounts, under Act of May 13, 1871, P. Laws, 824, he would still have power under Act of 21 May, 1857, P. L. 631, which was passed when Titusville was a borough, and continued to be applicable to it, after it was chartered as a city, in 1876; County of Crawford vs. the City of Meadville, 13 W. N. C., 560. The auditor performed his duties, and found a balance against Tracy, in June, 1877. No appeal was taken from this settlement. The auditor's report was published in the newspapers of the city, and Tracy and his sureties thus had notice of the settlement. The report is equally conclusive upon the sureties, as upon the principal; Hutchinson vs. Commonwealth, 6 Pa., 124.

The Supreme Court affirmed the judgment of the Common Pleas on the 16th of February, 1885, in the following opinion,

PER CURIAM:

It is true the Act of May 13, 1871, P. Laws, 824, does not in express words declare the City Auditor shall audit the account of the Treasurer of the School District. It, however, makes such reference to the Board of School Directors, their clerk, and treasurer, and their bonds, accounts, and claims, as to indicate that to be purpose of the act. It also authorizes the auditor to administer oaths and affirmations, and declares that appeals may be taken from his decision. The referee found as a fact that the two reports of the treasurer were passed upon by the auditor, as shown by his report, wherein he charged

the treasurer with the sums shown to be in his hands. No appeal was taken from the report of the auditor. In view of all the facts found, the conclusion of the auditor is correct and justifies the judgment.

Judgment affirmed.